UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:21-cv-23668

EDWIN GOMEZ,

    Plaintiff,

vs.

THE CITY OF MIAMI,
a municipal corporation authorized to do business
under the laws of the State of Florida, and
JAVIER ORTIZ, an individual

    Defendant,
_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, **EDWIN GOMEZ** ("GOMEZ"), files this Complaint and sues the Defendant, **CITY OF MIAMI** ("City"), for violations of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000 *et seq,* based on retaliation; and Violations of Title 42, United States Code, Section 1983 as well as the Due Process Clause of the 14th Amendment and the First Amendment to the United States Constitution; and JAVIER ORTIZ and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §

1337, Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16 and Title 42 United States Code, Section 1983.

## CONDITIONS PRECEDENT

2. All conditions precedent have been met, waived or otherwise excused. Plaintiff Gomez filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the timely initiation of this lawsuit.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida, in that the Plaintiff was employed by the City of Miami, Florida, which is located in Miami-Dade County, Florida, and all of the acts of discrimination took place in this jurisdiction.

## PARTIES

4. Gomez, the Plaintiff, is a police officer sergeant and employee with the City of Miami.

5. The City is a duly Chartered Florida Municipal Corporation in the State of Florida, and at all times material was engaged in business in Miami-Dade County, Florida.

6. At all times material, City is and at all times was the employer of the Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

7. Javier Ortiz is a City of Miami Police Captain and former President of the City of Miami Police Officers Union and is otherwise sui juris.

## I.   INTRODUCTION

8. Gomez is a dedicated civil servant and Sergeant with the City of Miami Police

Department. The City belittled and ultimately transferred, modified his duty station, refused to promote him, took away seniority and otherwise adversely effected his position in the City in retaliation because of his opposition to unlawful racial discrimination practices prohibited under Title VII and because of his participation in investigations regarding same. Plaintiff was also suspended, relieved of duty, placed on house arrest and stripped of his off duty assignments as part of this illegal retaliation.

9. The City and Ortiz also took away his property interest in his employment through procedures so woefully deficient as to constitute violations of his Due Process Rights and inflicted damages in retaliation for his truthful criticism of the City and Captain Ortiz under the First Amendment.

## THE FACTS

10. Gomez has been employed with the City of Miami Police Department since June 1998 and currently holds the position of Police Sergeant.

11. In January 2020, Gomez participated and was involved in an ongoing racial discrimination investigation filed against Captain Javier Ortiz that included a hearing.

12. After Gomez's testimony, his work environment worsened and became hostile.

13. The City and Captain Ortiz subjected Gomez to harassment and has over scrutinized his work in an effort to terminate Gomez's employment.

14. Gomez was even forced to transfer to another division in order to escape the retaliation he has been facing.

15. Plaintiff has been employed with the City of Miami Police Department since June 1998 and currently hold the position of Police Sergeant.

16. In January 2020, he participated in and was involved in an ongoing racial discrimination investigation filed against Captain Javier Ortiz that included multiple interviews and hearings.

17. Plaintiff testified and gave information during this investigation that Ortiz engaged in outrageous acts of despicable discrimination against blacks citizens, females citizens and other groups based on their race, ethnicity an gender.  He has also called for Ortiz removal from the union and reported corruption on the part of Ortiz.

18. After his testimony, and because of his opposition to these unlawful practices  his work environment became hostile.

19. Among other things and as a result of his vocal opposition to and participation in investigations concerning racism in the department, in particular the activities of Captain Ortiz, Captain Ortiz and the Department subjected to harassment, including punitive transfers, loss of overtime, loss of promotional opportunities, and excessive scrutiny over scrutinized his work.

20. He also was subjected to punitive transfers and was also forced to transfer to another division in order to escape the retaliation he faced on an ongoing basis, as well as being suspended and placed on house arrest.

21. He was also humiliated and slandered by Ortiz in particular who  called him a "coward" on multiple occasions, publicly humiliated him in front of fellow officers and has continued to make his life in department a living hell.

## COUNT I
## TITE VII RETALIATION
## (CITY OF MIAMI)

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth therein.

23. Title VII prohibits retaliation against an employee because they opposed prohibited practices and/or participate in investigations of prohibited practices.

24. Plaintiff was subjected to retaliation for opposing unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

25. As a result Plaintiff was damaged.

WHEREFORE Plaintiff demands damages, including compensatory damages and all available relief.

## COUNT II
## (Violation of the First and 14th Amendment)
## (Section 1983)
(CITY OF MIAMI AND ORTIZ)

26. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

27. The City, and Ortiz, acting under color of law, punished the Plaintiff for exercising his First Amendment Rights in calling attention to the City and Ortiz's unlawful practices.

28. The City and Ortiz violated the Plaintiff's First Amendment Rights as a policy and practice of targeting whistleblowers and critics and the City adopted and enforced the decisions of the policy makers who punished Gomez.

29. The City retaliated against and harmed the Plaintiff because of the exercise of his First Amendment Rights.

30. As a direct and proximate result of the violations of Plaintiff's First and Fourteenth Amendment rights, Plaintiff has suffered mental and emotional pain and suffering, mental anguish, embarrassment, humiliation and other damages.

**WHEREFORE,** Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs pursuant to 42 U.S.C. §§ 1920 and 1988, and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing document was e-filed via the State's E-Filing Portal and copies furnished electronically to allparties of record on this 18th day of October 2021.

Respectfully submitted,

**MICHAEL A. PIZZI, JR., Esq.**
*Attorney for the Plaintiff*
Florida Bar No 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida, 33014
Phone:(305) 986-2277
Fax:   (305) 777-3802
E-mail: mpizzi@pizzilaw.com

By: */s/ Michael A. Pizzi, Jr.*
**MICHAEL A. PIZZI, Jr., Esq.**